MERRITT, Circuit Judge,
dissenting.
DISSENT
This dissent is addressed to Section III of the Court’s opinion concerning “receipt” and “possession” of child pornography. The opinion allows a 13⅜ year sentence for “receiving” instead of a much lesser sentence for “possessing.” The disparity is the result of a curious mistake by Congress in treating them as different. Semantically, “receiving” pornography from another and “possessing” porn received from another are synonymous. That is obvious. The fact that Congress has made this mistake does not bind us to continue it.
The irrational distinction behind punishing “receipt of’ differently than “possession of’ child pornography should be set aside and the case remanded for resen-tencing. In 2012, the U.S. Sentencing Commission issued a report to Congress regarding the punishment of child pornography offenses.[1] With respect to the separate crimes of “receipt” and “possession” of child pornography, the Commission found “[tjhere is no rational basis to treat receipt offenses (which carry a mandatory minimum five-year term of imprisonment) and possession offenses (which do not carry a mandatory minimum term of imprisonment) differently under the guidelines or penal statutes.” Id. at 13 (emphasis added). The crime of “receipt” for first-time offenders also carries a maximum penalty of twenty years in prison, while the crime of “possession” carries a maximum of ten years. See 18 U.S.C. § 2252(b). The defendant in this case was charged with both receipt and possession of child pornography, eventually pleading to one count of receipt. 18 U.S.C. §§ 2252(a)(2), 2252(a)(4)(B). The Sentencing Commission is certainly correct that having two disproportionate statutory and guideline sentencing schemes for the same conduct is irrational. Statutes that invite arbitrary and irrational enforcement violate the due process of law. E.g., Johnson v. United States, — U.S. -, 135 S.Ct. 2551, 2556-57, 192 L.Ed.2d 569 (2015). As it is being applied here, 18 U.S.C. § 2252(a)(2) violates due process.
This Court, when reviewing the imposition of a statute, must ensure that words and phrases are not so irrational, “so vague and indefinite that any penalty prescribed for their violation constitutes a denial of due process of law.” Champlin Ref. Co. v. Corp. Comm’n of State of Oklahoma, 286 U.S. 210, 243, 52 S.Ct. 559, 76 L.Ed. 1062 (1932). Judge Posner describes § 2252 as a “puzzle,” and recognizes in *352 United States v. Richardson that attempting to make sense of the statute is a futile exercise. 238 F.3d 837, 839 (7th Cir. 2001). The Richardson decision questions “why-receiving, which under the first guideline and the statute that it implements ... should be punished more severely than possessing, since possessors, unless they fabricate their own pornography, are also receivers.” Id. (internal citation omitted). Non-production offenders who knowingly possess child pornography necessarily receive it. See U.S. Sentencing Comm’n 2012 Report, at 13. The majority fails to recognize the irrationality of punishing receipt more harshly than possession, since possession is essentially identical to receipt unless it is associated with “production.” See Richardson, 238 F.3d at 839.
Section 2252⅛ contradictions were compounded by a mistake in semantics by Senators Thurmond and Helms in 1991. See Stephen Bacon, Note A Distinction Without a Difference, 65 U. Miami L. Rev. 1027, 1034-36 (2011). On July 18, 1991, a congressional amendment was introduced that upended the sentencing scheme recommended by the Sentencing Commission and resulted in the disproportionate punishment of these two identical crimes.[2] The “Helms-Thurmond Amendment,” which was proposed as an amendment to a 1991 appropriations bill, directed the Commission to reorganize “receipt” offenses under § 2G2.2. See id. The Sentencing Commission sent a letter to Congress, defending their choice to treat “receipt” and “possession” similarly. See 137 Cong. Rec. H6736-02, 4 (1991) (letter from Chairman Wilk-ens) (arguing that the amendment caused sentencing to turn on the timing of law enforcement intervention, rather than on the gravity of the underlying conduct). The Senate rejected these arguments and passed the amendment anyway. See U.S. Sentencing Comm’n 2009 Report, at 20-22.
Since then, this “receipt” versus “possession” fiction has been reflected in the Sentencing Guidelines. See U.S.S.G. §§ 2G2.2, 2G2.4. The United States Sentencing Commission continues to' argue that there is no rational basis for applying the current Sentencing Guidelines, as they do not “distinguish adequately among offenders based on their degrees of culpability.” U.S. Sentencing Comm’n 2012 Report, at 331. The Commission also criticizes the “lack of proportionality in sentence length compared to typical sentences for many ‘contact’ sex offenders[,]” noting that “some child pornography offenders with no history of sexually abusing a child receive sentences equal to or greater than the sentences received by ‘contact’ sex offenders.” Id. at 13. The Department of Justice has also come out against these Guidelines. See Joint Prepared Statement of James Fottrell, Steve Debrota, and Francey Hakes, U.S. Dep’t of Justice, to the Sentencing Comm’n, 8 (Feb. 15, 2012) (“... [Pjrosecutors, probation officers, and judges are often assessing these cases using a guideline that does not account for the full range of the defendant’s conduct and also does not differentiate among offenders given the severity of their conduct”). The Criminal Law Commission of the Judicial Conference of the United States has argued strongly against both the Guidelines and the mandatory minimums for these crimes. See Testimony of U.S. District Judge Casey Rodgers on Behalf of the Crim. Law Comm, of the Jud. Conf. of the U.S. Courts to the Sentencing Comm’n, 361-70 (Feb. 15, 2012).
*353 We should not continue to allow this completely irrational statute to send people to prison for such long, ridiculous sentences. Here the defendant, Dunning, age 54, downloaded pictures of child pornography onto his computer. He did not touch or physically harm a child. He did not produce the pictures. He did not email them to anyone else. The evidence discloses that he simply looked at them. For “receipt” of child pornography he was given 13⅜ years in prison. If sentenced for a “possession” offense, his time in prison would be greatly reduced.

. U.S. Sentencing Comm’n, 2012 Report to the Congress: Federal Child Pornography Offenses (2012), http://www.ussc.gov/sites/ default/files/pdpnews/congressional-testimony-and-reports/sex-offense-topics/ 201212-federal-child-pornography-offenses/ FulLReport_to_Congress.pdf.

. See U.S. Sentencing Comm’n, The History of the Child Pornography Guidelines, 19-20 (2009), http://www.ussc.gov/sites/default/files/ pdpresearch-and-publications/research-projects-and-surveys/sexoffenses/20091030_ History_ChilcLPornography_Guidelines.pdf.